# UNITED STATES DISTRICT COURT
# THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BROADCAST MUSIC, INC.; DENNIS LINDE LEGACY; RONDOR MUSIC INTERNATIONAL, INC. d/b/a IRVING MUSIC; COTILLION MUSIC, INC. d/b/a PRONTO MUSIC; SONY/ATV SONGS LLC d/b/a SONY/ATV TREE PUBLISHING; ZOMBIES ATE MY PUBLISHING; FORTHEFALLEN PUBLISHING; RESERVOIR MEDIA MANAGEMENT INC. d/b/a RESERVOIR 416 a/k/a RESERVOIR ONE AMERICA; BIG YELLOW DOG, LLC d/b/a BIG YELLOW DOG MUSIC; TOKECO TUNES; FLORIDA CRACKER MUSIC,<br><br>Plaintiffs,<br><br>v.<br><br>STEVEN BODDIE, individually and d/b/a STEVIE B's a/k/a STEVIE B's BAR & GRILL,<br><br>Defendants. | CIVIL ACTION NO.: |

## COMPLAINT

Plaintiffs, by their attorneys, for their Complaint against Defendants, allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

### JURISDICTION AND VENUE

1. This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 et seq. (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

## THE PARTIES

3. Plaintiff Broadcast Music, Inc. ("BMI"), is a corporation organized and existing under the laws of the State of New York. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right to license the public performance rights in approximately 12 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4. The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions that are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5. Plaintiff Dennis Linde Legacy is a sole proprietorship owned by Pamela B. Linde. This Plaintiff is a copyright owner of at least one of the songs in this matter.

6. Plaintiff Rondor Music International, Inc. is a corporation doing business as Irving Music. This Plaintiff is a copyright owner of at least one of the songs in this matter.

7. Plaintiff Cotillion Music, Inc. is a corporation doing business as Pronto Music. This Plaintiff is a copyright owner of at least one of the songs in this matter.

8. Plaintiff Sony/ATV Songs LLC is a limited liability company doing business as Sony/ATV Tree Publishing. This Plaintiff is a copyright owner of at least one of the songs in this matter.

9. Plaintiff Zombies Ate My Publishing is a partnership owned by Amy Lee and Ben Moody. This Plaintiff is a copyright owner of at least one of the songs in this matter.

10. Plaintiff Forthefallen Publishing is a sole proprietorship owned by David Hodges.

This Plaintiff is a copyright owner of at least one of the songs in this matter.

11. Plaintiff Reservoir Media Management Inc. is a corporation doing business as Reservoir 416 also known as Reservoir One America. This Plaintiff is a copyright owner of at least one of the songs in this matter.

12. Plaintiff Big Yellow Dog, LLC is a limited liability company doing business as Big Yellow Dog Music. This Plaintiff is a copyright owner of at least one of the songs in this matter.

13. Plaintiff Tokeco Tunes is a sole proprietorship owned by Toby Keith Covel. This Plaintiff is a copyright owner of at least one of the songs in this matter.

14. Plaintiff Florida Cracker Music is a sole proprietorship owned by W. Scott Emerick. This Plaintiff is a copyright owner of at least one of the songs in this matter.

15. Defendant, Steven Boddie, operates, maintains and controls an establishment known as Stevie B's also known as Stevie B's Bar & Grill, located at 555 Campbell Ave., West Haven, CT 06516, in this district (the "Establishment").

16. In connection with the operation of this business, Defendant Steven Boddie publicly performs musical compositions and/or causes musical compositions to be publicly performed.

17. Defendant Steven Boddie is the owner of Stevie B's with responsibility for the operation and management of the Establishment.

18. Defendant Steven Boddie has the right and ability to supervise the activities of Defendant Stevie B's and a direct financial interest in the Establishment.

## CLAIMS OF COPYRIGHT INFRINGEMENT

19. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 18.

20. Since December 2015, BMI has reached out to Defendants over sixty (60) times, by

phone, mail and email, in an effort to educate Defendants as to their obligations under the Copyright Act with respect to the necessity of purchasing a license for the public performance of musical compositions in the BMI repertoire. Included in the letters were Cease and Desist Notices, providing Defendants with formal notice that they must immediately cease all use of BMI-licensed music in the Establishment.

21. Plaintiffs allege six (6) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

22. Annexed to this Complaint as a schedule (the "Schedule") and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants. The Schedule contains information on six (6) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

23. For each work identified on the Schedule, the person(s) named on Line 3 is/are the

creator(s) of that musical composition.

24. For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

25. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2. For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was/were (and still is/are) the owner(s) of the copyright in the respective musical composition listed on Line 2.

26. For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so. Thus, Defendants have committed copyright infringement.

27. The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement. Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

(I) Defendant, his agents, servants, employees, and all persons acting under his permission

and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

(II) Defendant be ordered to pay statutory damages, pursuant to 17 U.S.C. Section 504(c);

(III) Defendant be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. Section 505; and

(IV) Plaintiffs have such other and further relief as is just and equitable.

Dated June 1, 2017

/s/ Michael J. Rye__________
Michael Rye, (ct18354)
Cantor Colburn LLP
20 Church Street – 22nd Floor
Hartford, CT 06103-3207
Tel: (860)286-2929
Fax: 860-286-0115
Email: mrye@cantorcolburn.com

Attorney(s) for Plaintiffs